UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DANIEL K. BARKER, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-75 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| PATRICIA L. CARUSO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The action initially was filed in the Eastern District of Michigan on January 24, 2005, and it was transferred to this Court on May 3, 2005. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual Allegations

Plaintiff Daniel K. Barker presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Pugsley Correctional Facility. He currently is serving two terms of one to ten years, imposed by the Oakland County Circuit Court on July 12, 2001, after Plaintiff pleaded guilty as habitual offender, MICH. COMP. LAWS § 769.12, to being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a short-barreled shotgun, MICH. COMP. LAWS § 750.224b. He also is serving two terms of two to fifteen years, imposed by the Oakland County Circuit Court on June 13, 2001, after Plaintiff pleaded guilty as an habitual offender to operating a vehicle on a suspended license, MICH. COMP. LAWS § 257.904(1)(b), and possession of less than 25 grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(5). Plaintiff sues MDOC Director Patricia Caruso and Michigan Parole Board Chairperson John Rubitschun in their official capacities.[1]

In his complaint, Plaintiff alleges that in 1996, an MDOC corrections officer employed at the Saginaw Regional Facility was investigated and ultimately terminated from employment because the officer was bringing various illegal drugs into the prison. During the course of this investigation, Plaintiff allegedly was interrogated and took a lie detector test concerning his knowledge of the officer's conduct. Plaintiff subsequently was discharged on his then-current

---

[1]Ordinarily, a suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, it is the Michigan Parole Board, which is part of the Michigan Department of Corrections. MICH. COMP. LAWS § 791.231a(1). *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Such an action ordinarily would be barred by sovereign immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Nevertheless, an official-capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar injunctive relief against a state official)

sentences on January 1, 1998. Plaintiff returned to prison in 2001. He became eligible for parole on February 25, 2002. Parole was denied on March 13, 2002. Plaintiff was again eligible for parole twelve months later. He received a parole guidelines score of negative seven, reflecting an average probability of parole. Parole was denied on February 14, 2003. The parole board again denied parole on February 4, 2004, though Plaintiff had an average parole guideline score of negative six. On November 15, 2004, the parole board denied parole for the fourth time. Plaintiff again had been scored as an average probability of parole with a guideline score of positive one.

Plaintiff asserts that he has remained misconduct free for six years, that he has the highest score available for prison work assignment evaluation, and that he has completed with perfect attendance a 20-week Alcoholics Anonymous program and an additional 13-week program. Plaintiff alleges that, in denying parole, the parole board continuously relies upon his history of substance abuse, which "is of long-standing duration [and] is of a polysubstance nature." The parole denial reports also refer to the fact that his crimes involved the carrying of a weapon and that he has a history of assaultive crimes, an established criminal history involving weapons and sexual crimes, a history of probation failure, failure to report, and commission of crime while under supervision.

Plaintiff alleges that during two of his parole interviews, parole board members have questioned him about his involvement in the 1996 MDOC internal investigation leading to the guard's dismissal. He also alleges that, in 2004, three guards at the Jackson Cooper Street Facility, deliberately exposed Plaintiff to a serious risk of harm by telling inmates that he was an informant, a rat and a snitch, allegedly in retaliation for Plaintiff's involvement in the guard's termination. None of the guards is named as a defendant in this action.

Plaintiff raises three causes of action in his complaint. First, he alleges that the Michigan Parole Board has violated state law, MICH. COMP. LAWS § 791.33(1)(a), in denying his parole. Second, he alleges that the board impermissibly denied him parole in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12210(a) and (b), by relying on his history of substance abuse. Third, he alleges that, in relying on his history of substance abuse to deny parole, the board violated Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794(a).

Plaintiff seeks equitable relief, including a new parole hearing applying proper procedures, as well as reasonable attorney fees. He does not seek immediate release upon parole.[2]

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[2] In *Dotson v. Wilkinson*, 125 S. Ct. 1242, 1248 (2005), the Supreme Court held "that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original). Plaintiff does not seek release from prison; rather, he requests a new parole hearing. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth below.

### A. ADA and RA Claims

Plaintiff claims that Defendants violated the ADA and RA by denying his parole on the basis of his "substance abuse disability." Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to state a claim under the ADA, Plaintiff must show that he is a "qualified person," that his history of substance abuse is a "disability," and that parole is a "service, program, or activity" of the state. Similarly, Section 504 of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a).

Even if Plaintiff could show that he is handicapped within the meaning of the ADA, his complaint contains no allegations that the parole board discriminated against him solely because of his handicap. *See Lee v. Michigan Parole Board*, No. 03-1775, 2004 WL 1532563, at *1 (6th Cir. June 23, 2004). Moreover, the ADA does not categorically bar a state parole board from considering an inmate's disability in making an individualized assessment of the future dangerousness of the inmate. *See Thompson v. Davis*, 295 F.3d 890, 898 n.4 (9th Cir. 2002), *cert. denied*, 538 U.S. 921 (2003). Without question, the parole board has a legitimate penological interest in considering a prisoner's substance abuse history during an individualized inquiry for parole suitability. *Id.* In this case, the Michigan Parole Board properly considered Plaintiff's history of substance abuse and other relevant factors in making an individualized parole determination. The parole board relied heavily

on many substantial factors weighing against the grant of parole: Plaintiff's lengthy criminal history, which included assaultive offenses and sexual crimes; the fact that his property crime involved the carrying of a concealed weapon; his history of probation and parole failure and failure to report while under supervision; his history of having committed a crime while under supervision; and the fact that he had an unstable social or family history. In the face of these other factors considered by the parole board, he cannot assert that he was denied parole solely on the basis of his history of substance abuse. Accordingly, Plaintiff's ADA and RA claims are without merit.

### B. Violation of MICH. COMP. LAWS § 791.33(1)(a)

Plaintiff alleges that the Michigan Parole Board has violated state law, MICH. COMP. LAWS § 791.33(1)(a), in denying his parole. Specifically, he alleges that the board ignored Plaintiff's compliance with each recommendation made by the parole board, the fact that his crime of conviction was a nonviolent offense, that he remained misconduct-free for six years, and that he had excellent work and program reports. He alleges that, instead, the board improperly relied on Plaintiff's cooperation with the prison guard's termination and his substance abuse history.

To the extent Plaintiff suggests that the parole board's disregard of state law denied him procedural due process under the Fourteenth Amendment, his claim is without merit. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to

release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under

the Michigan system. *Glover v. Michigan Parole Bd.* 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

To the extent Plaintiff intends to bring his claim solely under state law, Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). A state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). Because § 1983 is addressed to remedying violations of federal law, not state law, Plaintiff states no federal claim.

Moreover, this Court declines to exercise jurisdiction over Plaintiff's state-law claim. The Sixth Circuit has stated that, when all federal claims are dismissed before trial, district courts should generally decline to exercise supplemental jurisdiction over state law claims. *See Landefeld v. Marion General Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Plaintiff's state-law claim will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:      June 27, 2005            /s/ David W. McKeague
                                    David W. McKeague
                                    United States District Judge